UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BILLY J. McCOY,

        Plaintiff,

v.                                        Case No. 05-70265
                                        Hon. Victoria A. Roberts

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## I.      INTRODUCTION

       This matter is before the Court on cross-motions for summary judgment.  For the following reasons, the Court:  (1) **DECLINES** to adopt the Report and Recommendation; (2) **DENIES** Plaintiff's motion for summary judgment; (3) **DENIES** the Defendant's motion for summary judgment; and (4) **REMANDS** the matter to the Administrative Law Judge for further factual findings.

## II.     BACKGROUND

       This action arises out of the denial of Plaintiff Billy J. McCoy's request for social security disability benefits.  The Plaintiff injured his back when a table hit him at work.

       The Plaintiff originally filed an application for disability benefits on March 10, 2000, claiming disability since April 15, 1999.  Following a hearing in front of an Administrative Law Judge ("ALJ"), benefits were denied.  The Appeals Council did not

1

grant Plaintiff's request for review.  The Plaintiff pursued no other appeal rights.

On July 15, 2002, the Plaintiff reapplied for benefits.  He claims benefits from September 20, 2001, the day after the denial of his previous application.  A hearing was held before ALJ Melvyn B. Kalt on April 22, 2004.  Plaintiff and a vocational expert testified.  The ALJ denied Plaintiff benefits in a decision issued July 29, 2004.  The Appeals Council declined review.  Plaintiff filed an appeal with this Court on January 25, 2005.

Both parties filed motions for summary judgment.  They were referred to Magistrate Judge Steven Pepe for a Report and Recommendation ("R&R").  The R&R was filed on December 30, 2005.  The Magistrate recommended that the Court grant Defendant's motion and deny Plaintiff's.  The Plaintiff filed objections on January 11, 2006.

## III.   STANDARD OF REVIEW

In the Social Security context, the district court reviews the decision of the Commissioner to determine whether the decision exceeds statutory authority or is arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987).  This Court must review the ALJ's decision to determine whether it is supported by "substantial evidence."  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  It exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a

2

decision the other way. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). This standard presupposes that there is a "zone of choice" within which the ALJ may make a decision without being reversed. *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). In other words, if the Commissioner's determination is supported by substantial evidence, it must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). The Court must only review the record that was before the ALJ and cannot review the evidence *de novo*, weigh the evidence, nor make credibility determinations. *Id.*

## IV.   APPLICABLE LAW AND ANALYSIS

There are five factors that the Social Security Agency uses to determine eligibility for benefits. Plaintiff has the burden on the first four and must establish that: 1) he is not presently engaged in gainful employment; and 2) he suffered from a severe impairment; and 3) the impairment met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; or 4) he did not have the "residual functional capacity" ("RFC") to perform past work. *Jones v Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If the Plaintiff satisfies his burden, the burden shifts to the Commissioner to prove the fifth factor: that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary,* 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of vocational expert testimony, but

3

only if the hypothetical question posed to the expert accurately portrays the claimant's

individual physical and mental impairments.  *Id.*

## A.   ALJ Determination

The ALJ found that Plaintiff was not disabled.  He denied Plaintiff benefits at step

five.

There is no dispute that Plaintiff satisfied steps one and two:  he was not

employed and had a severe impairment.

Plaintiff and the ALJ differ on step three.  Plaintiff claims he meets the criteria for

disability based on 20 CFR Pt. 404, Subpt. P, App. 1, §1.04A.

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal
> arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease,
> facet arthritis, vertebral fracture), resulting in compromise of a nerve root
> (including the cauda equina) or the spinal cord.  With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic
> distribution of pain, limitation of motion of the spine, motor loss (atrophy
> with associated muscle weakness or muscle weakness) accompanied by
> sensory or reflex loss and, if there is involvement of the lower back,
> positive straight-leg raising test (sitting and supine);

The ALJ found Plaintiff did not meet the requirements for disability under Listing

1.04A because he did not demonstrate an inability to ambulate effectively or an inability

to perform fine and gross motor movements effectively for at least 12 months.

[Transcript, p. 23].

In explaining this finding, the ALJ pointed to the introductory section for all

musculoskeletal system listings (which includes Listing 1.04A).  The ALJ relied upon

section 1.00(B)(2) of 20 CFR Pt. 404, Subpt. P, App. 1, entitled "How We Define Loss of

Function in These Listings." It states that "[r]egardless of the cause(s) of a

4

musculoskeletal impairment, functional loss for purposes of these listings is defined as the inability to ambulate effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment, or the inability to perform fine and gross movements effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment." Plaintiff claims those criteria do not apply to §1.04A and the ALJ's reliance on them was error.

The parties agree at step four, that Plaintiff does not have the RFC to perform his previous job as an assembler and porter. The parties disagree at step five. Plaintiff argues that his RFC should include his reports of pain and his need to lay down two hours in an eight hour period. An RFC with those considerations would result in a determination of disability. The ALJ found that Plaintiff's reports of his functional limitations were not credible. [Transcript, p. 26].

**B.   R&R**

Following Plaintiff's appeal, both parties filed motions for summary judgment. The R&R recommends that the Court deny Plaintiff's motion and grant Defendant's, which would affirm the ALJ's denial of benefits to Plaintiff.

Plaintiff argued: (1) that the ALJ erred in his assessment of whether Plaintiff's impairment met the listing §1.04A because he applied inappropriate criteria, and (2) the ALJ erred in his assessment of Plaintiff's credibility. The Defendant conceded that the inability to ambulate and/or perform fine and gross motor movements effectively are not criteria for disability under §1.04A, but contended it was harmless error. The Defendant argues that based on the evidence in the record, Plaintiff failed to meet the proper requirements of §1.04A.

5

The magistrate found that the ALJ may have been correct in concluding that Plaintiff needed to establish an inability to ambulate or make fine and gross motor movements effectively, based on the language in "How We Define Loss of Function in These Listings," §1.00(B)(2).  The magistrate found that even if the ALJ erred in considering this language in his determination, it was harmless error, because in the magistrate's view, the record does not support a finding under listing §1.04A because Plaintiff did not demonstrate that he met the proper criteria for 12 months.  The magistrate noted that the symptoms Plaintiff experienced that purported to satisfy §1.04A, were not constant over the preceding 12 months.

The magistrate also found the ALJ properly supported his finding that Plaintiff's testimony regarding his limitations was not credible.  However, the R&R does point out several discrepancies between the ALJ's findings and the record.  Ultimately, the magistrate agreed with the ALJ's decision that Plaintiff's purported limitations were not credible; he found the ALJ's hypothetical posed to the vocational expert was supported by substantial evidence.

### C.    ANALYSIS

The ALJ failed to properly analyze Plaintiff's entitlement to benefits at Step Three of the sequential evaluation process.  The only finding the ALJ made was inapplicable to Plaintiff's condition.

The inability to effectively ambulate and make fine and gross motor movements does not apply to §1.04A.  The ALJ and the magistrate contend that §1.00(B)(2) requires that the ambulation and motor movement limitations apply to all of the musculoskeletal impairments listed in 404, Subpt. P.  However, Listing 1.04A does not

6

require an inability to ambulate on a sustained basis, as do other sections of the Listing.

For example, section 1.04C, for lumbar spinal stenosis, explicitly requires an inability to ambulate. If that requirement applied to all of the impairments listed in §1.04, there would be no need for this explicit language in 1.04C.

In addition, when the Social Security Agency issued its final rules and request for comments regarding changes to 20 CFR Pt. 404, Subpt. P, App. 1, it made clear that the requirements of §1.00(B)(2) did not apply categorically. When discussing the revisions to §1.00(B), the agency stated the ambulation/motor movement requirement applied to "certain" listed impairments. 66 Fed.Reg. 58012. Further, the agency said the ambulation/motor movement requirement is used to measure the loss of function in "several" of the listings, and that the agency intended "those listings" to emphasize the impact of the impairment on a person's ability to function. *Id.* Clearly, the agency did not contemplate that all of the impairments in all of the sections of the 1.04 Listing would need to demonstrate ambulation/motor movement limitations. The Court finds that the language in "How We Define Loss of Function in These Listings," was only intended to apply where it was specifically referenced in particular sections of the 1.04 Listing.

Lastly, the most persuasive evidence that §1.00(B)(2) does not apply to a determination of disability under §1.04A, is that the Defendant conceded that it does not. [Defendant's Brief, p. 11] ("Plaintiff correctly points out that Listing 1.04A, unlike similar musculoskeletal listings, does not require 'the inability to ambulate effectively, as defined in 1.00B2B' as the ALJ stated."). Defendant is the Commissioner of the Social Security Agency. Unequivocally, the ALJ erred in applying §1.00(B)(2) to Plaintiff's determination.

7

Once the ALJ determined Plaintiff could ambulate effectively, he ended his §1.04A inquiry.  He did not make any factual findings regarding the criteria actually listed in §1.04A.

Despite that, Defendant claims the record supports a finding that Plaintiff does not meet the criteria of §1.04A, because although he may have had each of the criteria at one time or another, they were not sustained for 12 months.  To support its argument that the impairment must last continuously for 12 months, the Defendant relies on 20 CFR §404.1525(a).  It states "[m]ost of the listed impairments are permanent or expected to result in death or a specific statement of duration is made.  For all others, the evidence must show that the impairment has lasted or is expected to last for a continuous period of at least 12 months."

This Court cannot conduct a meaningful appellate review.  The ALJ did not make any relevant factual findings at step three of the eligibility process.  There are no findings concerning whether Plaintiff meets the criteria for impairment Listing 1.04A.  Moreover, although Defendant argues Plaintiff did not support a finding that he had all of the criteria listed in 1.04A for the previous 12 months - without deciding if Plaintiff made such a showing - there is no finding from the ALJ that Plaintiff's impairment is not "permanent."  Such a finding would obviate the need to show the impairment persisted for 12 months.  Additionally, the ALJ could find that Plaintiff now exhibits all of the criteria of 1.04A and it is expected to last for the next 12 months.  There are insufficient factual findings to determine whether Plaintiff meets the criteria of Listing 1.04A.

The Court does not address Plaintiff's objection to the ALJ's findings at Step Five, specifically his decision not to credit Plaintiff's reported limitations, in light of its

8

decision to remand.  This provides the ALJ the opportunity to clarify the discrepancies between the medical records and its findings.  *See* R&R, p.25.

The Defendant is not entitled to a judgment as a matter of law and its motion for summary judgment is denied.  Likewise, as it is not the province of an appellate court to make factual findings, Plaintiff's motion is also denied.  The Court remands to the ALJ to make factual findings on whether Plaintiff meets the criteria of Listing 1.04A, without consideration of the criteria listed in §1.00(B)(2).

**V.      CONCLUSION**

For the foregoing reasons, the Court **DECLINES** to adopt the Report and Recommendation.  The Court **DENIES** both Plaintiff's and Defendant's Motions for summary judgment.  The Court **REMANDS** this action to the ALJ for further factual findings.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  March 7, 2006**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 7, 2006.**

**s/Carol A. Pinegar**
**Deputy Clerk**

9