UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY MCCOY,

        Plaintiff,　　　　　　　　　　Case No. 05-70265

vs.

                                    HONORABLE VICTORIA A. ROBERTS
                                    HONORABLE STEVEN D. PEPE

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER AWARDING FEES**

**I.　BACKGROUND**

Billy McCoy brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Both parties filed motions for summary judgment which were referred for report and recommendation to the undersigned to 28 U.S.C. § 636(A) and (B).

In Judge Victoria Robert's opinion of March 7, 2006, it was determined that the ALJ had erred in determining that Plaintiff did not meet Listing §1.04A because he improperly applied criteria from Listing §1.00(B)(2) in making this determination (Dkt. # 19). The matter was remanded for further proceedings. Thus, Plaintiff was the prevailing party. *Hewitt v. Helms*, 482 U.S. 755, 763 (1987)(A sentence-four remand is a judgment for the plaintiff.); *Hudson, Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782 (1989)(supports the proposition that a party who wins a sentence-four remand order is a prevailing party).

Plaintiff's counsel on March 24, 2006, filed a motion for attorney fees in the amount of

$6,048.00, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (Dkt. #20). Defendant responded to the motion indicating there was no objection (Dkt. #22).

## II.   LEGAL STANDARD UNDER THE EQUAL ACCESS TO JUSTICE ACT

The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

28 U.S.C. § 2412(d)(2)(A) includes "reasonable attorney fees" as part of the "fees." Although fees and costs incurred during Social Security administrative proceedings are excluded from the coverage of the EAJA, legal services relating to actions seeking judicial review of administrative rulings are compensable under the EAJA. *Reyes v. Secretary of Health and Human Services*, 807 F. Supp. 293, 297-98 (S.D.N.Y. 1992); *Berman v. Schweiker*, 531 F. Supp. 1149, 1153 (N.D. Ill. 1982), *aff'd*, 713 F.2d 1290 (7th Cir. 1983).

## III.   ANALYSIS

### A.   Plaintiff is Entitled to an Award of Fees Under EAJA

Plaintiff is a "prevailing party" and Defendant has responded she "has no objection to the fees requested by Plaintiff's counsel." Thus, there is no assertion that the Commissioner's litigation position regarding this matter was substantially justified. Accordingly, Plaintiff is entitled to an award of fees under EAJA including attorney fees.

**B.      Calculation of Attorney Fees**

Plaintiff's counsel's request for a hourly rate of $160.00 is reasonable, as is the requested 37.8 hours.  Thus, Plaintiff is awarded $ 6,048.00 in fees under EAJA.


SO ORDERED.


Dated: June 28, 2006                              s/Steven D. Pepe
Ann Arbor, Michigan                               UNITED STATES MAGISTRATE JUDGE




Certificate of Service

I hereby certify that copies of this Order were served upon the attorneys of record by electronic means or U. S. Mail on June 28, 2006.

                                                  s/William J. Barkholz
                                                  Courtroom Deputy Clerk